UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| PRICE LOGUE ] | |
|     Plaintiff, ] | |
| ] | No. 3:14-cv-1260 |
| v. ] | (No. 3:14-mc-0727) |
| ] | Judge Campbell |
| SHERIFF BRYAN, et al. ] | |
|     Defendants. ] | |


**O R D E R**


The Court has before it a *pro se* prisoner complaint (Docket Entry No.1) and an application to proceed in forma pauperis (Docket Entry No.9).

It appears from the application that the plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

The plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

    (a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

While confined in the Wilson County Jail, the plaintiff had a life threatening reaction to medication containing penicillin. The plaintiff alleges that his medical records clearly reflect that he is allergic to penicillin. He claims that the nurse that gave him the medication in question is guilty of gross negligence. The plaintiff brings this action against Robert Bryan, the Sheriff of Wilson County; and United Allied Health Partners, the entity under contract to provide medical services at the Wilson County Jail; seeking damages.

Rule 8(a) of the Federal Rules of Civil Procedure requires every complaint to contain a short and plain statement of the grounds for jurisdiction and relief. The plaintiff's complaint does not have such a statement. However, this Court is obliged to liberally construe *pro se* pleadings, Haines v. Kerner, 404 U.S. 519 (1972), and must also consider matters of jurisdiction at

any time, *sua sponte* if necessary. Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir.1992).

Federal district courts are courts of limited jurisdiction. Rowan & Son v. Department of Housing and Urban Development, 611 F.2d 997,998 (5th Cir. 1980). They are empowered to adjudicate only those claims involving parties with diversity of citizenship, 28 U.S.C. § 1332, and those claims arising from a federal question. 28 U.S.C. § 1331.

In this case, the plaintiff alleges that he was the victim of gross negligence. Negligence, however, does not rise to the level of a constitutional tort. Estelle v. Gamble, 97S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 106 S.Ct. 1078,1084 (1986)(Eighth Amendment); Daniels v. Williams, 106 S.Ct. 662,666 (1986)(Fourteenth Amendment). Thus, the plaintiff has failed to allege conduct that creates a federal question. Nor has the plaintiff alleged that this action falls within the Court's diversity jurisdiction. Therefore, it does not appear that the Court has jurisdiction over the plaintiff's claims. Consequently, this action is hereby DISMISSED.

An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the plaintiff is NOT certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505) or submit a new application to proceed in forma pauperis with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

The Clerk is directed to send a copy of this order to the Warden of the Bledsoe County Correctional Complex to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so ORDERED.

                                               Todd Campbell
                                               United States District Judge